28 F.3d 111
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Glenn E. WYATT, Petitioner,
v.
FEDERAL AVIATION ADMINISTRATION, Respondent.
 No. 93-70238.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 10, 1994.*
Decided June 20, 1994.
 
 Before: POOLE, BRUNETTI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Glenn E. Wyatt ("Wyatt") petitions pro se for review of the denial of his appeal by the Administrator of the Federal Aviation Administration ("FAA"). We have jurisdiction pursuant to 49 U.S.C. app. Sec. 1486(a), see Southern Cal. Aerial Advertisers Assoc. v. FAA, 881 F.2d 672, 675 (9th Cir.1989), and we now deny the petition.
 
 BACKGROUND
 
 3
 This disposition culminates a civil penalty proceeding instituted in June 1991. The FAA notice of proposed civil penalty alleged that: (1) after receiving notice of their revocation, Wyatt had failed to surrender his FAA mechanic certificate and inspection authorization, despite repeated requests to do so, in violation of 14 C.F.R. Secs. 65.15(c) & 65.92(c) (1988); and (2) Wyatt performed maintenance on a civil aircraft when he did not validly hold a mechanic certificate or inspection authorization, in violation of 14 C.F.R. Sec. 43.3(a) (1988). The administrative law judge granted the FAA's motion for decision, 14 C.F.R. Sec. 13.218(f)(5), and the FAA administrator denied Wyatt's appeal.
 
 
 4
 Pursuant to the Administrative Procedure Act, 5 U.S.C. Sec. 706(2)(A), we may reverse the Administrator's decision if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." We will not find such a flaw unless the Administrator has committed a clear error of judgment or failed to base his decision on consideration of the relevant factors. Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 416 (1971). We also accord a high degree of deference to the FAA's interpretation of the Federal Aviation Act and the Federal Aviation Regulations. See Citizens for Clean Air v. EPA, 959 F.2d 839, 844 (9th Cir.1992); Oregon v. Bureau of Land Management, 876 F.2d 1419, 1425 (9th Cir.1989).
 
 DISCUSSION
 A. Limitations Period
 
 5
 Wyatt first claims that the Administrator should have reversed the ALJ's denial of Wyatt's motion to dismiss the proceedings because the notice was issued in June 1991, more than two years after his performance of allegedly unauthorized maintenance work and his initial receipt of revocation notices.[1] However, the Administrator correctly noted that 14 C.F.R. Sec. 13.208(d)'s two-year limitations period applies only to alleged violations occurring on or after August 2, 1990, and that the notice alleged violations which occurred before that date. In re Wyatt, FAA Order No. 92-73, at 9-10 (Dec. 21, 1992). The general five-year limitations period therefore governed Wyatt's alleged maintenance work in June 1988 and his failure to surrender the revoked documents prior to August 2, 1990. 28 U.S.C. Sec. 2462.
 
 
 6
 Moreover, the June 1991 issuance fell within two years of Wyatt's conduct in failing to surrender the certificates between August 2, 1990 and May 1991, when the notice of proposed civil penalty was issued. The Administrator points out here that 49 U.S.C. app. Sec. 1471(a) states expressly: "If [a] violation is a continuing one, each day of such violation ... shall constitute a separate offense."
 
 B. Evidentiary Hearing
 
 7
 Wyatt next challenges the FAA's failure to accord him an evidentiary hearing, arguing that 49 U.S.C. app. Sec. 1471(a)(3)(D), in conjunction with section 556 of the Administrative Procedure Act, 5 U.S.C. Sec. 556, mandates such a hearing. The Administrator, however, correctly noted that no such hearing was required because there were no genuine issues of material fact. In re Wyatt at 9; see Pacific Legal Foundation v. Costle, 586 F.2d 650, 658 (9th Cir.1978). Moreover, Wyatt ignored the ALJ's order to answer the FAA's request for admissions. One of the items in that request asked him to admit that he performed an inspection on an aircraft on June 25, 1988. The ALJ acted in accordance with 14 C.F.R. Sec. 13.220(l)(1) in deeming Wyatt's failure to comply with his order as an admission of the truth of the statements in the request. The ALJ thus properly granted, without first conducting a hearing, the FAA's motion for decision. The FAA had no additional obligation to prove the truth of Wyatt's admission in an evidentiary hearing.
 
 C. Statutory Authority
 
 8
 Wyatt then argues that the FAA did not possess the statutory authority to require him to surrender his certificates and thus presumably that he cannot be penalized for failing to do so, even though the statute does expressly permit revocation. See 49 U.S.C. app. Sec. 1429(a). However, this contention lacks merit. The regulations requiring surrender of revoked certificates, 14 C.F.R. Secs. 65.15(c) & 65.92(c), arise from a thoroughly permissible construction of the statute, and we must defer to the FAA interpretation. Citizens for Clean Air, 959 F.2d at 844.
 
 D. Compliance with Agency Policy
 
 9
 Finally, Wyatt contends that the FAA engaged in no efforts to achieve voluntary compliance before initiating the penalty proceeding, and that the FAA's action thus contradicted the agency's own regulations. He points specifically to an internal FAA statement of "Enforcement Objectives and Policy." See Addendum to Petitioner's Reply Brief. The statement reads in pertinent part: "[O]ur foremost efforts to achieve compliance should be directed toward programs to promote a clear awareness and understanding of the regulations. Only where these efforts for achieving voluntary compliance have failed should formal enforcement action be undertaken." Id. (emphasis added).
 
 
 10
 Even if we were to accept Wyatt's interpretation of this guideline and its significance, rather than the FAA's, his argument would fail. Wyatt does not contest the fact that the FAA made numerous attempts to persuade him to surrender the certificates voluntarily. The FAA thus complied with its obligation to abide by its internal guidelines. See Essery v. Department of Transp., Nat'l Transp. Safety Bd., 857 F.2d 1286, 1291 n. 2 (9th Cir.1988).
 
 CONCLUSION
 
 11
 The Administrator's decision was neither arbitrary or capricious nor an abuse of his discretion. Wyatt's petition for review is DENIED.
 
 
 12
 DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We address the issues Wyatt has raised in his opening brief; to the extent that his reply brief raises new contentions, we decline to address these untimely arguments. See Northwest Acceptance Corp. v. Lynnwood Equipment, Inc., 841 F.2d 918, 924 (9th Cir.1988)